UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN J.D. STUART,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DNC SERVICES CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-04267-HSG<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 10 |

　　　　On July 28, 2016, pro se plaintiff Steven J.D. Stuart filed his complaint against Hillary Rodham Clinton ("HRC") and DNC Services, Corp. ("DNC") (collectively, "Defendants"). Dkt. No. 1. Plaintiff's complaint sought the following relief: (1) injunctive relief preventing Defendants from nominating and promoting HRC to run for President "in any election" and "specifically" in November 2016; (2) declaratory relief determining whether HRC was qualified to be President and had the right to run, and whether the DNC had the right to nominate and promote her; (3) costs of suit; and (4) other appropriate relief determined by the Court. *Id.* The Court granted Plaintiff's motion to proceed in forma pauperis on September 16, 2016. Dkt. No. 8.

　　　　On September 30, 2016, the Clerk sent a letter requesting that Plaintiff submit the addresses of the defendants so that the United States Marshal could complete service. Dkt. No. 9. The letter stated that its bottom portion should be used for that purpose and enclosed a self-addressed postage-paid envelope. *Id.* Plaintiff did not respond or file anything with the Court.

　　　　Plaintiff failed to file a case management statement for the case management conference scheduled for December 6, 2016. *See* Dkt. No. 7 (setting case management conference for December 6, 2016, and setting deadline of November 29, 2016 to file case management statement). On December 5, 2016, still having heard nothing from Plaintiff, the Court vacated the next day's case management conference, ordered Plaintiff to show cause why his case should not

be dismissed for failure to prosecute, and ordered Plaintiff to respond by December 19, 2016 to avoid dismissal of his case. *See* Dkt. No. 10 ("Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for failure to prosecute. Plaintiff shall respond to this Order in a written statement of no more than two pages by December 19, 2016. If Plaintiff fails to respond to this Order, the Court will dismiss the action with prejudice under Federal Rule of Civil Procedure 41."). Plaintiff has missed the deadline to file his response. Indeed, Plaintiff has made no filing whatsoever in this case during the nearly five months since he filed his complaint.

The Court, having carefully considered the five factors set forth in *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987),[1] finds that notwithstanding the public policy favoring the disposition of actions on their merits, the Court's need to manage its docket and the public's interest in expeditious resolution of litigation require dismissal of this action. Given Plaintiff's lack of response to the Court's prior orders, there is no appropriate less drastic sanction. Accordingly, this action is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute.

**IT IS SO ORDERED.**

Dated: 12/29/2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] "A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. It is not necessary for a district court to make explicit findings to show that it has considered these factors." *Malone*, 833 F.2d at 130 (quotation marks and citations omitted).